CITIES SERVICE OIL COMPANY, PLAINTIFF v. JOHN POCHNA;
RAPP OIL CORPORATION; ROBERT S. RAPP; EASTERN GAS
CARRIERS ESTABLISHMENT; MAITAU-STIFTUNG; JULIUS
TRUP; AND EUGENE HAFER, GUARDIAN AD LITEM FOR
ANY AND ALL OTHER PERSONS, FIRMS, TRUSTS, CORPORA-
TIONS AND ANY OTHER LEGAL ENTITY (INCLUDING,
WITHOUT LIMITATION, THOSE WHO ARE INFANTS, INCOM-
PETENT PERSONS, OR UNDER ANY OTHER LEGAL DIS-
ABILITY AND THOSE WHO ARE NOT IN BEING OR
OTHERWISE NOT ASCERTAINED OR KNOWN), WHO HAVE
OR CLAIM TO HAVE ANY INTEREST IN THE OIL, GAS AND
SULPHUR MINING LEASEHOLD ESTATE, CONVEYED BY
LEASE DATED OCTOBER 28, 1957 FROM THE STATE OF
NORTH CAROLINA TO J. E. FITZ-PATRICK (PERTAINING TO
CERTAIN LANDS OWNED BY THE STATE OF NORTH CAR-
OLINA IN 17 EASTERN COUNTIES OF NORTH CAROLINA),
OTHER THAN THE INTERESTS IN SAID LEASEHOLD ESTATE
THAT WERE SPECIFICALLY DESCRIBED, EXCEPTED AND
RESERVED IN THE ASSIGNMENT DATED APRIL 12, 1971
FROM COASTAL PLAINS OIL COMPANY TO CITIES SERVICE
OIL COMPANY, DEFENDANTS, v. ROBERT H. DeKAY, JR., PE-
TROLEUM EXPLORATION CORPORATION OF NORTH CAR-
OLINA AND COASTAL PLAINS OIL COMPANY, THIRD PARTY
DEFENDANTS

No. 7610SC246

(Filed 4 August 1976)

Registration §§ 1, 5— oil and gas lease — necessity for registration —
subsequent purchaser for value

 An assignment of rights under a lease giving the lessee the right
to remove oil and gas from certain State lands for a period of more
than three years is subject to the provisions of G.S. 47-18(a) and,
where unrecorded, is invalid as to a purchaser for valuable considera-
tion of the lease whose assignment of the lease is properly recorded.

APPEAL by defendants John Pochna, Julius Trup and East-
ern Gas Carriers Establishment from *Clark, (Giles R.), Judge.*
Judgment entered 28 December 1975 in Superior Court, WAKE
County. Heard in the Court of Appeals 16 June 1976.

Plaintiff alleged that it is the owner of an oil and gas
lease, that defendants claim an interest hostile to plaintiff and
that defendants' claims are invalid. Plaintiff seeks to quiet
title to its interest in the lease.

In 1957, the State of North Carolina entered into a lease
agreement with J. E. Fitz-Patrick, whereby the State of North
Carolina conveyed to Fitz-Patrick certain rights to explore and

take oil, gas, sulphur, casinghead gas, casinghead gasoline and no other minerals from certain lands owned by the State of North Carolina, which lands lie within 17 eastern North Carolina counties. The State Lease is of record in the office of the Register of Deeds of each of the 17 counties in which the lands are located.

Coastal Plains Oil Company thereafter acquired the rights to the State Lease through an assignment from the heirs of the original lessee. The Coastal lease is also duly recorded in all of the counties.

After its acquisition of the State Lease, Coastal entered into an agreement with Rapp Oil Corporation, dated July 11, 1969, which assigned Rapp Oil Corporation certain rights under the State Lease then owned by Coastal. The Rapp Oil Corporation agreement is not recorded in any of the 17 counties affected by the State Lease.

On 12 April 1971, Coastal, for valuable consideration, assigned its right under the State Lease to plaintiff, Cities Service Oil Company. That assignment is of record in each of the counties.

Defendants, John Pochna, Eastern Gas Carriers Establishment and Julius Trup, allege that Coastal reacquired 50% of the interest it had previously granted to Rapp Oil Corporation, leaving a 50% interest in the Rapp Oil agreement outstanding; that on or about April 8, 1971, defendant Eastern Gas Carriers Establishment acquired this remaining outstanding 50% interest in the Rapp Oil agreement, and since that time has been and is now the owner of said 50% interest; and that defendants Pochna and Trup own, hold and control all the interest in Eastern, and thereby have a direct beneficial interest in any and all assets of Eastern, including Eastern's ownership of the 50% interest in the Rapp Oil agreement.

The trial judge concluded that there was no genuine issue as to any of the following (among others) material facts:

"(b) That recorded in the office of the Register of Deeds of each of the seventeen counties affected by plaintiff's leasehold estate, there is a good chain of title of plaintiff's leasehold estate from the State of North Carolina to J. E. Fitzpatrick to Coastal Plains Oil Company to plaintiff.

(c) That plaintiff acquired plaintiff's leasehold estate from Coastal Plains Oil Company by purchase for a valuable consideration of $300,000.00 plus other considerations.

(d) That all the interest claimed by the defendants in plaintiff's leasehold estate is based upon an agreement between Coastal Plains Oil Company and Rapp Oil Corporation, dated July 11, 1969 . . . .

(e) The Rapp Agreement was not of record in the office of the Register of Deeds of any of the seventeen North Carolina counties affected by plaintiff's leasehold estate at the time of recordation in those seventeen counties of the conveyance from Coastal Plains Oil Company vesting title in plaintiff of plaintiff's leasehold estate.

(f) The original grant or conveyance from the State of North Carolina, under which plaintiff claims, and also under which defendants John Pochna, Julius Trup and Eastern Gas Carriers Establishment claim, provides as follows:

'14. This lease shall not be assigned in whole or in part without the written consent thereto of the lessors. . . . '

(g) The assignment to Cities Service Oil Company . . . was consented to by the State of North Carolina and the Department of Conservation and Development of the State of North Carolina.

(h) No transfer of any interest in the State lease to Eastern Gas Carriers Establishment, John Pochna or Julius Trup has been consented to by the State of North Carolina or by the Department of Conservation and Development of the State of North Carolina."

The court then made the following (among others) conclusions of law:

"1. That plaintiff's leasehold estate is a lease for more than three years of an interest in land and is subject to the operation of General Statute 47-18.

2. To the extent, if any, that the Rapp Agreement would otherwise vest in any of the defendants an interest in plaintiff's leasehold estate, the Rapp Agreement is subject to the operation of General Statute 47-18.

3. As against plaintiff, a purchaser for a valuable consideration from Coastal Plains Oil Company, the Rapp Agreement under which defendants claim is not valid in law.

4. Defendants' claim of interference by plaintiff in the contract between Coastal Plains Oil Company and Rapp Oil Corporation is not valid as a matter of law.

5. None of the defendants have alleged or shown any facts which show that any defendant has, or is entitled by law to have, any interest in plaintiff's leasehold estate."

The court then granted summary judgment in favor of the plaintiff and dismissed defendants' counterclaim. The judgment decreed that plaintiff's title to the plaintiff's leasehold estate was thereby quieted in plaintiff, free of all claims of any of the defendants. The action was retained for determination of the third party action between third party plaintiffs and third party defendants.

Defendants John Pochna, Eastern Gas Carriers Establishment and Julius Trup appealed.

*Joslin, Culbertson & Sedberry, by Charles H. Sedberry, for plaintiff appellee.*

*Young, Moore, Henderson & Alvis, by J. Clark Brewer and Charles H. Young, for defendant appellants.*

VAUGHN, Judge.

Plaintiff's recorded chain of title was supported by affidavits as was its status as a purchaser for valuable consideration. It was also established that the Rapp Oil agreement, under which defendants claim, was not of record. We believe, therefore, that the trial judge correctly concluded that only questions of law were presented.

G.S. 47-18(a), prior to the 1975 amendment, was as follows:

"(a) No conveyance of land, or contract to convey, or lease of land for more than three years shall be valid to pass any property as against lien creditors or purchasers for a valuable consideration from the donor, bargainor or lessor but from the time of registration thereof in the county where the land lies, or if the land is located in more than one

county, then in each county where any portion of the land lies to be effective as to the land in that county."

We hold that the judge was correct when he ruled that the document under which defendants claim is subject to the operation of that statute, and is, therefore, invalid as to plaintiff, a purchaser for valuable consideration.

Defendants offered affidavits to the effect that the Rapp Oil agreement was known in the oil business as a "farm-out agreement" or a "sharing arrangement." As one affiant explained:

> "It has been my experience that while such transactions take many forms, there is a general custom and practice in the oil and gas producing industry that such agreements are seldom recorded. The competition in the business and the need for business secrecy is such that it is generally accepted that to record such agreements would give unfair advantage to competitors as to the desirability of leasehold acreage, prices being paid for acreage and for development and other similar matters forming the basis for competition within the industry. Such agreements are variously designated as farm-out agreements, joint operating agreements, bottom hole letters, dry hole letters, acreage contributions and by other various terms descriptive of the particular transactions. Such transactions are frequently known under the Internal Revenue cases as 'sharing arrangements' and they all have in common some joint contribution of capital, labor or services in the cooperative evaluation or exploration of geological prospects for production. Such agreements are uniformly regarded as enforceable throughout the industry, and in my experience are almost never recorded, for the reasons given."

It may well be that the affiant's statement of business customs elsewhere is accurate. Nevertheless, it must me assumed that those who engage in the practice are prepared to accept its inherent risks. It seems clear to us that the document purports to convey an interest in real estate and is ineffective against subsequent record purchasers for value. This decision, of course, does not affect the rights of the parties to the Rapp Oil agreement or those who hold under them.

We have carefully considered the remaining arguments ably advanced by counsel for defendants. It suffices to say that

we hold that the conveyance from Coastal to plaintiff was not made "subject to" the unrecorded interest of Rapp Oil and that a constructive trust has not been created for defendants. The entry of summary judgment in favor of plaintiff is affirmed.

Affirmed.

Judges MORRIS and CLARK concur.